### BODGE *v.* HUGHES, JR., & A.

Under chapter 3, section 3, of the Laws of 1870, trespass for an assault and battery may be maintained against four persons who separately sold intoxicating liquor to one B. in violation of law, to recover damage occasioned by an injury to the person of the plaintiff done by B. while in a state of intoxication produced by the liquor so furnished to him.

THIS is an action of trespass to the person, by Andrew J. Bodge against Patrick Hughes, Jr., and three other defendants, and the declaration is in the ordinary form without reference to the statute.

The suit is really brought under the statute of July 2, 1870, ch. 3, against four persons, each one of whom is supposed to have sold to one Buzzell all the liquor so furnished, causing him to be intoxicated, and in that state to commit an injury to the person of the plaintiff. Buzzell was not joined. On the opening of the case disclosing this state of facts, the defendants moved for a nonsuit, on the ground that

the declaration was at common law and not under the statute; and also contending that the defendants could not be joined, their acts not being joint.    The court denied the motion, and the defendants excepted, and the case was thereupon taken from the jury to have the questions of law determined.

If the court should hold that the declaration should be special on the statute, the plaintiff moves for leave to amend, and all the questions are reserved for the whole court.

*Wheeler & Bartlett,* for the plaintiff.

*Hobbs* and *Hall,* for the defendants.

LADD, J.  " Whenever any person in a state of intoxication shall commit any injury upon the person or property of any other individual, any person who, by himself, his clerk, or servant, shall have unlawfully sold or furnished any part of the liquor causing such intoxication, shall be liable to the party injured for all the damage occasioned by the injury so done, to be recovered in the same form of action as such intoxicated person would be liable to, and both such parties may be joined in the same action."    Laws of 1870, ch. 3, sec. 3.

The question is, whether a declaration in trespass, alleging an assault and battery as having been committed directly by the sellers of liquor, is sufficient, under this statute, where the plaintiff seeks to recover damages for an assault upon him committed by the person who was made intoxicated by liquor unlawfully furnished him by the defendants. And we think it is.    It is admitted that the statute authorizes a recovery by action of trespass, because it in terms gives " the same form of action as such intoxicated person would be liable to ; " but it is said that this does not dispense with the necessity of setting out in the declaration all the material facts on which the plaintiff's right to recover depends ; that the defendants are entitled to notice of those facts in order that they may know what they have to meet at the trial.    In *Smith* v. *Woodman,* 28 N. H. 520, to which we have been referred in support of this position, EASTMAN, J., says,—" As a general rule, where a remedy is given by statute, and does not exist at common law, the declaration must be special upon the statute."

This is doubtless a correct statement of the rule.    The only question is as to its application.    If the legislature, in giving a new remedy, prescribe the mode in which such remedy shall be pursued and applied by enacting at the same time both the form of action and the form of declaration to be used, it could hardly be contended that the form so prescribed would be insufficient.    If, on the other hand, as was the case with the statute under consideration in *Smith* v. *Woodman,* the right to recover in an action of assumpsit is given in general terms, there is no reason why the ordinary rules of pleading should not be applied by the court, and the plaintiff be required to set out in his declaration all the material facts necessary to show his right under the

statute. It all depends upon the statute, and is therefore matter of construction.

Is a definite mode of procedure ordained by the statute now before us, and if so, what is it? It may be admitted that the argument derived by analogy from the rules of pleading established by the courts is with the defendants. But, so long as the legislature keep within the bounds of their constitutional power, the business of the court in construing their enactments is to ascertain their intention as expressed in the law, and, when such intention is discovered, to give effect to it without reference to the inconvenience, or even the apparent injustice, that may result from its application. It is true it is not to be presumed that an absurd or unjust result was intended. It is not to be presumed that unequal or unjust burdens were intended to be thrown upon any class of citizens or defendants, and this principle of construction may always be invoked when the language made use of leaves the intention doubtful. But the court cannot overturn or change the unambiguous provisions of a statute merely because it introduces a rule of pleading or evidence not before known to the law, even though it may be contrary to the settled practice of the courts.

This statute seems to obliterate the distinction, which exists in the mind of a lawyer, between the actions of trespass and case. The unlawful sale of liquor is a misdemeanor, that is, an offence against the community at large; but it is not in itself an assault and battery, nor murder, nor burglary, nor larceny, nor trespass on the freehold, nor any of the other crimes and wrongs of which the thing sold is understood to be the prolific cause. The seller does not intend that the thing sold shall be the cause of any one, more than another, of these offences. It is not to be presumed that he in fact intends any of them; much less that, when liquor is unlawfully sold to A., he intends that it shall be the inciting cause of an assault on a particular individual, B. But the whole course of legislation on this subject shows that the legislature have gone upon the ground that intoxicating liquor is to be treated, in many respects, as an outlaw and an enemy to society and good government, as well as to the individuals of which society is composed; that the direct, natural, and necessary consequence of its indiscriminate use, as a beverage, is violence and crime, attended with their inevitable results of private injury, and suffering, and loss. The traffic is prohibited under heavy pains. The thing itself is declared contraband, and forfeited to the state; and then comes the act we are considering, whereby the seller is made liable, in terms very broad and general, for all damage occasioned to person or property by any one in a state of intoxication, when the intoxication was caused in whole or in part by liquor illegally furnished to him as therein set forth, to be recovered in the same form of action as such intoxicated person would be liable to. What did the legislature mean by this last provision? The defendants contend that by the same *form* of action is only meant an action of the same *class*,—that is, *trespass*, if the in toxicated person commits a trespass; *case*, if his wrong is of a character to make case the proper remedy.

We think the act is not capable of that construction. The seller is not only made liable in the same form of action as the intoxicated person, but may be joined with him in the same action. How can that be if the declaration against one must allege an assault by him immediately and directly committed upon the person of the plaintiff, while as to the other, the special facts of an illegal sale, causing the intoxication which caused the assault, must be set forth? A declaration that should meet the requirements of the construction contended for, and at the same time cover the whole remedy contemplated by the act, would doubtless be an anomaly in pleading. It must embody two distinct and separate kinds of action, that is, trespass and case; two distinct and separate causes of action, that is, an assault and battery, and an illegal sale of liquor which caused intoxication which caused the assault and battery to be committed; and two defendants, who are shown not to have participated in any common act,—that is, A, who committed the assault, and B, who furnished him the liquor, not knowing whether it would be the cause of an assault, or arson, or burglary, or of no mischief at all.

It is impossible to doubt that the purpose of the legislature was to make the seller of liquor in violation of law civilly liable, as principal, with respect to the unlawful acts of the buyer done while intoxicated by the liquor so sold; and, in doing this, we think their intention is manifest to make the remedy as simple and easy as practicable for the person injured, and not to set a cunning trap into which he might fall in settling the form of his declaration, whereby all benefits of the act might be lost to him. The general scope and spirit of this act, as well as of those to which it is supplementary, warrants the belief that it was their intention to add something to the perils of a traffic, which, though prohibited by law, they may have seen reason to suppose was still carried on in defiance of the law, to the detriment of public morals and the general welfare of the state. It is not impossible but that they may have thought it would come with a poor grace from a person engaged in violating the law of the land, when called to an account for a direct and probable consequence of his misconduct, to object because he is not notified by the declaration that his crime was followed by the particular result for which he is sought to be held responsible. But, whatever may have been the views of the legislature in this respect, we think the language they have used is not to be misunderstood. So far as regards the civil remedy, the seller is unmistakably made a principal as to the wrongful act of the buyer, and is treated as having done directly, with his own hand and will, the act which his own illegal and criminal act in selling or furnishing the liquor is assumed to have produced. If, in any case of this sort, the court should be satisfied that the defendant ought to have notice of the specific facts upon which the plaintiff relies to charge him, any unjust or oppressive operation of the law may easily be avoided by ordering such specific statement to be filed after the action is entered in court.

The doctrine, that all who aid, abet, or participate in a wrongful act

may be proceeded against jointly, as principals, is elementary. No reason is seen why it does not cover the case of different persons selling liquor to one who commits a trespass while in a state of intoxication produced by all the liquor so furnished. One seller is as much responsible as another, and all have participated in the wrong.

We are of opinion that the motion for a nonsuit was rightly overruled, and that no amendment of the declaration is necessary. If the defendants move for a specification at the trial term, that motion will be there considered.                              *Case discharged.*