Carroll, }
Feb. 3, 1925. }

### CHARLES B. HOYT, *Adm'r*, *v.* FRANK E. TILTON.

A judgment on a verdict is conclusive on all issues which might have been raised
by the plaintiff. A general verdict which has not gone to judgment is conclu-
sive upon the issues actually submitted to the jury, but not upon issues raised
by the plaintiff and erroneously withheld from the jury. Upon such issues the
plaintiff is entitled to a new trial.

Neither Laws 1917, *c.* 147, *s.* 36, nor 41 U. S. Statutes at Large, *c.* 85, *s.* 20, gives
to a person injured by reason of his own intoxication a right of action against
the person furnishing him the liquor which caused his intoxication.

Independently of any statute, there is no liability for such injury when the plain-
tiff was a voluntary party to the illegal transaction of furnishing the liquor;
but there may be if at the time he was already in such a condition as not to be
responsible for his acts.

One who voluntarily assumes to care for an injured person is liable for negligent
acts while in the performance of the assumed duty, or for carelessly abandon-
ing the duty after it has been assumed.

CASE, to recover for injuries to the plaintiff's decedent, Oscar
Landon. Trial by jury and verdict for the defendant.

The declaration contained four counts. The first charged the
defendant with furnishing intoxicating liquor to Landon, whereby .
Landon became intoxicated, fell from a load of hay and received
fatal injuries. Recovery is claimed under Laws 1917, *c.* 147, *s.* 36.
The fourth count claims a similar right under 41 U. S. Sts. at Large,
*c.* 85, *s.* 20. The second count charges that the defendant employed
Landon, caused him to become intoxicated and then negligently set
him at work in a place of danger. The third count seeks a recovery
upon the ground that the defendant undertook the care of Landon
after the injury, and was negligent in the performance of the assumed
duty.

The plaintiff filed requests that all these claims be submitted to
the jury. The requests were denied, except so far as covered by the
charge, and the case was sent to the jury under instructions that
the plaintiff might recover only upon one of two grounds — (1), That
if Landon was not the defendant's servant, and the defendant fur-
nished Landon liquor, thereby causing his intoxication and his sub-
sequent injury, the defendant was liable, and (2), That if Landon was
the defendant's servant, then it was immaterial where Landon got
the liquor, except upon the question of the defendant's knowledge
of Landon's condition, and that the defendant would be liable only

upon a finding that he negligently sent his intoxicated servant into a place of danger.

The plaintiff excepted to the refusal to charge as requested, and to the instruction that if Landon was the defendant's servant it made no difference where the liquor was procured.  Transferred by *Sawyer*, J.

*Snow & Cooper* (*Mr. Snow* orally), for the plaintiff.

*Owen & Veazey* and *Young & Cheney* (*Mr. Young* orally), for the defendant.

PEASLEE, C. J.  At the outset of the case a question is presented as to the effect of the verdict which has been found for the defendant. It is urged on his behalf that the rule as to a general verdict and judgment should apply, and that therefore the verdict is conclusive against the plaintiff as to all facts which were in any way involved in the case as submitted to the jury.

The verdict establishes that no combination of facts existed which would warrant a recovery under the charge.  That is, it is to be taken as true that the defendant did not furnish liquor whereby one not his servant became intoxicated and suffered injury, and that the defendant did not negligently send his intoxicated servant into a place of danger.  These issues were properly tried and are settled by the general verdict for the defendant.  But if there are other combinations of facts which could have been found from the evidence, and being found would establish liability, the plaintiff was entitled to have them passed upon, as requested, and they are still open to him.  Upon these issues all facts are still open to inquiry. The verdict as returned does not settle any particular fact, since in each aspect of the case, as submitted, the verdict may have been found upon one fact or another.  On the first issue it cannot be ascertained whether the verdict was found because Landon was not intoxicated, because he was the defendant's servant or because the defendant did not furnish the liquor.  On the second issue the jury may have found that the defendant was not negligent, that Landon was not his servant or was not intoxicated.

The case does not stand like one where there has been a judgment on a verdict.  In such a case the judgment "concludes the parties, not only as to every matter which was offered and received to sustain or defeat the suit, but also as to any other matter which might

have been offered for that purpose." *Metcalf* v. *Gilmore,* 63 N. H. 174, 189; *Chesley* v. *Dunklee,* 77 N. H. 263, 267. If this case had gone to judgment, the plaintiff could not maintain another suit for negligently causing the injury in some way not claimed in the first suit. *Chesley* v. *Dunklee, supra.* But here there was error in the trial, for which the verdict must be set aside. As the practice formerly was, this would require a new trial of the whole case. But in modern procedure nothing is tried over that has been well tried. *Lisbon* v. *Lyman,* 49 N. H. 553; *Morin* v. *Company,* 78 N. H. 567, 570, and cases cited.

The rule that a retrial is limited to the requirements of justice does not prevent a new trial of the whole case, when the error may have affected all the issues tried. *Laird* v. *Railroad,* 80 N. H. 58, 61, and cases cited. But as the errors here complained of consist merely in the failure to submit certain issues to the jury, it is evident that there was nothing to prejudice the plaintiff as to those which were submitted.

The verdict stands as establishing what is in fact found by it. But because of errors at the trial it is not a general verdict upon which a judgment can be rendered. The rule relating to a verdict followed by a judgment does not apply. That rule was adopted upon the theory that when a party has had one opportunity fully and fairly to present his cause the litigation should be ended. If he neglects to present all grounds, he can obtain relief only because of accident or mistake. "This is the reasonable protection afforded the defendant against repeated and unwarranted suits for the same cause." *Chesley* v. *Dunklee,* 77 N. H. 263, 268.

There is no such situation here. The plaintiff did present all his grounds, but was denied the right to have them passed upon by a jury. This is not a second suit for the same cause, but an endeavor to get all questions tried in the first suit. The only way the verdict can be saved at all is by treating it as merely establishing the particular facts found thereby, under correct rulings of law.

So far as the grounds for recovery claimed by the plaintiff and not submitted to the jury are concerned, the case stands substantially as it would if there had been no trial. The writ contained four counts: One based upon Laws 1917, *c.* 147, *s.* 36, seeking to charge the defendant upon proof that he furnished Landon liquor with which Landon's intoxication was caused and as a result his injury followed; one based upon a similar claim under the federal statute; one for causing his employee to become intoxicated and then negli-

gently sending the servant into a place of danger; and one for neg-
ligence in caring for the injured man, after having undertaken such
duty.  Requests were made for instructions which would submit
these various claims.  They were denied, except that the liability
of a master was submitted in the form before indicated.  The issue
of negligence in sending an intoxicated servant into a place of danger
has been tried and determined in the defendant's favor, but none
of the other claims just enumerated has been fully litigated.  The
question presented is whether under the law in this jurisdiction the
claims put forward state a cause of action.

The so-called "civil damage act" provides as follows: "Any person
who shall be injured in person, or property, or means of support, by
an intoxicated person, or by a person under the influence of intoxi-
cating liquor, or in consequence of the intoxication, of any person
or persons, shall have the right of action . . . against the person
. . . who by illegal selling, or giving away, or furnishing, intoxicat-
ing liquor . . . shall have caused the intoxication . . . of the person
. . . causing such injury, for all actual damages sustained, and for
exemplary damages."  Laws 1917, c. 147, s. 36.  It seems apparent
upon a reading of this section that there was no intent to thereby
give a cause of action to the intoxicated person.  It gives an action
only when the defendant caused the intoxication of the person
causing the injury.  The argument that the one intoxicated may
then do injury to himself and so occupy the dual position of the
injured party and the party inflicting the injury, is one that cannot
be applied in the absence of evidence of a legislative purpose to
effect that result.

Under an earlier statute designed to give a remedy of like general
character as in the present instance (Laws 1870, c. 3, s. 3), a some-
what similar question arose.  It was pointed out that the words "or
such intoxicated person" should have been inserted if there had
been an intent to give a remedy for injuries to him.  "I do not
think that the court would be justified in interpolating into this
statute, so highly penal in its character, such important words,
by reason of any intention of the legislature which might be sup-
posed to be inferable from the rest of the statute.  If the legisla-
ture intended this, it has not said it."  *Hollis* v. *Davis*, 56 N. H.
74, 85.

It was presumably with knowledge of this judicial utterance that
the law of 1917 was enacted.  The failure to use any language that
directly declares an intent to give the right claimed is, under the

circumstances, almost conclusive proof that there was no such intent. The plaintiff cannot recover under the state statute.

The federal statute provides that "any person who shall be injured in . . . property . . . or otherwise . . . by reason of the intoxication of any person . . . shall have a right of action against any person who shall . . . have . . . contributed to such intoxication." 41 U. S. Sts. at Large, *c.* 85, *s.* 20. So far as has been ascertained, this statute has never been construed by any court. While its terms are less evidently restricted in application, as compared with the local act, yet it seems to be probable that there was no intent to include within its terms cases like the one now under consideration. When the statute was enacted, there was a diversity of opinion in the state courts upon the proper interpretation of similar statutes (33 C. J. 638), the more generally adopted view being that there was no such liability in the absence of clear and explicit language imposing it. *Brooks* v. *Cook,* 44 Mich. 617; *Couchman* v. *Prather,* 162 Ind. 250; *Hollis* v. *Davis,* 56 N. H. 74. *Contra, Kraus* v. *Shroeder,* 105 Neb. 809.

It is further urged that, independent of any statute, the defendant is liable for illegally furnishing intoxicating liquor, whereby damage was caused to the receiver thereof. The argument is that the wrongful nature of the defendant's act, as against the public, makes him also a wrongdoer as to a private party affected by such conduct. Assuming that this is true, and that the case cannot be distinguished from those where the criminal liability is manifestly imposed for the benefit of a private party to be affected, as in the case of the law of the road (P. S. *c.* 76, *s.* 17; *Brember* v. *Jones,* 67 N. H. 374), still the plaintiff cannot recover when it appears that the conduct of a reasonable man, in the place of the decedent, would have avoided the wrong done. *Bresnehan* v. *Gove,* 71 N. H. 236; *Brember* v. *Jones, supra; Taylor* v. *Thomas,* 77 N. H. 410.

It must be inferred from the nature of the transactions involved that Landon not only did nothing to avoid the defendant's illegal act, but that he was a well-wisher to the deed. He was a participant in the transaction, and his coöperating acceptance was necessary to complete the illegal gift. Argument is advanced from the standpoint that an inebriate is incapable of resistance. If such fact were proved, if it appeared that Landon was in a condition not to be responsible for his acts when he accepted the liquor, the argument would be applicable. But in the absence of such proof, he is held to reasonable conduct, and his administrator cannot recover here upon this ground.

Recovery was also claimed for negligent performance of an assumed duty to care for Landon after his injury. Liability for such a wrong is clearly established in this state. *Benoit* v. *Perkins*, 79 N. H. 11, 13, and cases cited. Such liability is now admitted by the defendant, and the contention at the argument has been as to what the defendant did or did not assume to do. This is a question of fact. The rule of law applicable is that the defendant is responsible for negligent acts while in the performance of the assumed duty, and that he cannot carelessly abandon a duty which has been assumed. *Pittsfield &c. Company* v. *Company*, 71 N. H. 522, 533. The evidence in the case is not reported, and further discussion of particular phases of a supposed situation is not called for. ·

It is further urged that the plaintiff should be permitted to go to the jury upon the theory that a master owes to his servant, injured in the course of his employment, a duty of remedial care. It is conceded that the issue is not presented upon the record in the case, and for this reason the question has not been considered.

The plaintiff is entitled to a new trial upon the issue presented by the third count, — failure to perform an assumed duty to care for the injured man. He is also entitled to try the question of liability of the defendant for furnishing liquor to his servant Landon, upon the ground indicated, — that is, that when the liquor was furnished Landon was incapable of acting like a reasonable man.

Whether there was, or will be, evidence to support either or both of these claims is a matter outside the present discussion. As before stated, the evidence is not reported. The case comes here upon the pleadings, the charge and the requests to charge.

*Exceptions sustained.* ·

All concurred. .