Anthony M. Livoti, J.
On the night of October 6,1957, plaintiff attended a professional football game in Philadelphia. He drove back to New York in his own automobile and arrived in the area of the Midtown Tunnel at about 2 o ’clock in the morning. He stopped off at a bar and grill where he had one beer, when suddenly he was struck by another patron. Plaintiff was knocked down and kicked and apparently received severe injuries.
Plaintiff sued the owner of the bar and grill. His complaint contained two causes of action, one alleging negligence and the second alleging a cause of action under section 16 of the Civil Rights Law. In the first canse of action, he alleged that the corporate bar owner was negligent in that it failed to have adequate personnel to operate the premises; in that it sold intoxicating beverages to an intoxicated person; in that it failed to protect the patrons of its establishment; in that it served intoxicating beverages to an intoxicated person whose propen *366 sity for dangerous conduct was known to it; and in that it failed to summon police assistance promptly. In the second cause of action, he alleged the sale of intoxicating beverages to a person actually or apparently in a state of intoxication and that plaintiff’s injuries resulted from the unlawful sale of intoxicating beverages. Plaintiff requested punitive damages on the second cause of action.
The corporate owner of the bar and grill filed a notice of appearance but after the service of the complaint its attorney moved to he relieved from the defense of the action, claiming that he had appeared because the owner had a policy of liability insurance but, after reading the complaint, the insurance company had taken the position that the policy did not cover this situation. The motion was granted and eventually the corporate owner defaulted and an inquest was taken. Plaintiff recovered a judgment for $10,000 on his first cause of action. He discontinued the second cause of action. The trial court specifically ruled that the judgment was awarded to the plaintiff on the first cause of action only.
The judgment was not paid and this present action was commenced against the insurance company. In its answer, defendant alleged three affirmative defenses. The first defense was to the effect that its assured had not given prompt notice of the accident. This defense was withdrawn on the trial of this action. The second defense was that the policy of insurance did not cover this type of liability. This defense presents the principal question on this trial and will he discussed hereafter. The third defense was a partial defense to the effect that the policy limits for injuries to one person were $5,000 and that, therefore, defendant’s liability, if any, is limited to the sum of $5,000.
The insurance policy is known as an “ owners’, landlords’ and tenants’ liability policy ”. Under it, the defendant agreed to pay, on behalf of the assured, any sums which the assured became legally obligated to pay as damages because of personal injuries, etc., arising out of the ‘ ‘ ownership, maintenance or use of the premises, and all operations necessary or incidental thereto.” Defendant relies on an exclusion clause. This clause reads as follows:
‘ * This policy does not apply:
# # *
“ (h) under coverages A, B and D, to liability imposed upon the Insured or any indemnitee, as a person or organization engaged in the business of manufacturing, selling or distributing alcoholic beverages, or as an owner or lessor of premises used *367 for such purposes, by reason of any statute or ordinance pertaining to the sale, gift, distribution or use of any alcoholic beverage and, under coverage G, to any expense resulting from such sale, gift, distribution or use ’ ’.
Defendant contends that the language of the exclusion above quoted precludes recovery on any cause of action arising out of the sale of alcoholic beverages, whether such cause of action is based on a statute or on the common law. Plaintiff contends that the language excludes coverage only for liability imposed “by reason of any statute or ordinance”. The court agrees with plaintiff’s interpretation of this clause. If it were to be interpreted in accordance with defendant’s contention, the policy would constitute a gigantic hoax on the assured since the insurance company knew the business conducted by the assured. In any event, even if we assume that the language is ambiguous, it must then be intrepreted against the party who drew it, namely, the insurance company.
Defendant further contends, however, that plaintiff obtained his judgment even on his first cause of action by reason of the fact that the bar owner violated a statute. Plaintiff contends that his first cause of action was on common-law negligence. Certainly some of the allegations in plaintiff’s first cause of action would have rendered the owner of the premises liable, regardless of what kind of business it conducted. (Schubart v. Hotel Astor, 168 Misc. 431, 437, affd. 255 App. Div. 1012, affd. 281 N. Y. 597.) Defendant’s second defense is without merit.
The third defense, which is a partial defense limiting its liability to $5,000, is valid. However, the policy also provided that defendant would pay all costs taxed against the assured and all interest accruing after entry of judgment. Plaintiff’s costs were taxed in the original action at $211.70. He is, therefore, entitled to judgment against the defendant in the sum of $5,211.70 with interest from October 14, 1959, the date of entry of the judgment.