Rockingham,
No. 5963.

BENEVOLENT PROTECTIVE ORDER OF ELKS LODGE #97

*v.*

HANOVER INSURANCE COMPANY.

June 30, 1970.

*Shaines, Madrigan & McEachern* and *Duncan A. McEachern* and *Gerald F. Giles* and *Francis J. Riordan* ( *Mr. McEachern* orally ), for the plaintiff.

*Calderwood, Silverman & Ouellette* and *William P. Cullimore* ( *Mr. Cullimore* orally ), for the defendant.

LAMPRON, J. Petition for a declaratory judgment brought by the plaintiff against the defendant Hanover Insurance Company, its insurer under a " Comprehensive Liability Policy, " seeking a declaration that Hanover is required to defend and pay any judgment recovered in an action brought by John P. Hall against the plaintiff to recover for damages sustained in an automobile collision with a car driven by a guest of the plaintiff.

A second count added to Hall's declaration alleges, in part, that in violation of a duty owed to its patrons and to the public, agents of the Elks negligently served the guest thereafter involved in the accident a quantity of intoxicating liquors while he was in a state of obvious intoxication which rendered him incapable of safely operating his motor vehicle thus causing the collision with the Hall automobile.

Under its policy, Hanover agreed to pay on behalf of its insured " all sums which the insured shall become legally obligated to pay as damages " subject to the following exclusion to which the policy does not apply: " (e) Under coverages A and C [Bodily Injury and Property Liability], to liability imposed upon the insured . . . as a person or organization engaged in the business of manufacturing, selling or distributing alcoholic beverages, or as an owner or lessor of premises used for such purposes, by reason of any statute or ordinance pertaining to the sale, gift, distribution or use of any alcoholic beverage. "

The matter was submitted on an agreed statement of facts to a Master ( *Leonard C. Hardwick,* Esq. ) who recommended that the questions of law as to whether the defendant was required to defend and to pay any judgment in the Hall action against the plaintiff be reserved and transferred without ruling to this court. It was so decreed by *Grant,* J.

It has been frequently held that there can be no cause of action at common law against one furnishing liquor in favor of those injured by the intoxication of the person so furnished. 45 Am. Jur. 2d Intoxicating Liquors *ss.* 553, 554. *See* Annot., 75 A.L.R.2d

833, 835. The reason usually given for the rule is that the drinking of the liquor, not the furnishing of it, is the proximate cause of the injury. *Nolan* v. *Morelli,* 154 Conn. 432, 226 A.2d 383.

To provide for this absence of a remedy for injury or damage caused by intoxication, many states have enacted statutes commonly known as "civil damage acts" or "dramshop acts." These statutes "impose strict liability, without negligence, upon the seller of intoxicating liquors, when the sale results in harm to the interests of a third person because of the intoxication of the buyer." Prosser, Law of Torts *s.* 79, at 542 (3d ed. 1964); *Bodge* v. *Hughes,* 53 N.H. 614; *Hoyt* v. *Tilton,* 81 N.H. 477, 480, 128 A. 688, 689; *Pierce* v. *Albanese,* 144 Conn. 241, 129 A.2d 606; *Graham* v. *General U.S. Grant Post No.* 2665, *V.F.W.,* 248 N.E.2d 657 (Ill. 1969). New Hampshire had such a law from 1870 until it was repealed in 1934. Laws 1870, ch. 3, *s.* 3; P.L. ch. 144, *ss.* 52, 53; Laws 1934, ch. 3, *s.* 43.

In *Ramsey* v. *Anctil,* 106 N.H. 375, 211 A.2d 900, this court held that the repeal of such a civil damage statute did not abrogate the common-law principles of negligence and concluded that a patron could maintain a common-law action against a liquor licensee for injuries received as a result of being served additional liquor while intoxicated. Similarly a "strong recent trend has been that the sale by a bartender to an intoxicated drinker may be found to be the proximate cause of an injury to a third person caused by the drinker's driving of an automobile." *Adamian* v. *Three Sons, Inc.,* 353 Mass. 498, 500, 233 N.E.2d 18, 20; *Elder* v. *Fisher,* 247 Ind. 598, 217 N.E.2d 847; *Rappaport* v. *Nichols,* 31 N.J. 188, 156 A.2d 1. *See Deeds* v. *United States,* 306 F. Supp. 348, 355 (D.C. Mont. 1969); 60 Colum. L. Rev. 554 (1960); 57 Cal. L. Rev. 995 (1969). In such cases, statutes like RSA 175:6, which prohibits sales of intoxicating liquors by a licensee to a person under the influence, are not statutes which impose civil liability, although a violation thereof is evidence of negligence. *Adamian* v. *Three Sons, Inc., supra. See Majors* v. *Broadhead Hotel,* 416 Pa. 265, 205 A.2d 873.

A reading of the language of exclusion (e) relied on by the defendant reveals clearly that it pertains "to liability *imposed* . . . by reason of any statute or ordinance . . . pertaining to the sale . . . of any alcoholic beverage." (Emphasis added). We hold that it excludes the strict liability imposed by statutes such

as "dramshop acts" or "civil damage acts" but not liability resulting from the negligence of the insured as alleged in the present action. *Gannon* v. *Cosmopolitan Mutual Ins. Co.*, 227 N.Y.S.2d 961. This distinction has been recognized in the insurance industry by the addition to the language in the exclusion of this policy the following or similar language to exclude liability "because of the sale or gift of any alcoholic beverage to a minor or to a person under the influence of alcohol." F. C. & S. Bulletins, Public Liability, L-3, July 1960; 2 Long, The Law of Insurance *s.* 19, App.-51 ( 1969 ).

We hold that the defendant Hanover Insurance Company's policy does not exclude coverage and it is required to defend, and pay any judgment recovered in the present action.

*Judgment for the plaintiff.*

All concurred.