429 F.2d 1276
 HOME INSURANCE COMPANY, Inc., Appellee,
v.
Herbert LEAVITT, individually and as Administrator for the
Estate of William Leavitt (Appellant), and Cripple
Creek Resort, Inc., Appellants.
 No. 23526.
 United States Court of Appeals, Ninth Circuit.
 July 24, 1970.
 
 Millard F. Ingraham (argued), of Ingraham & Niewohner, Barry W. Jackson, of Jackson & Fenton, Fairbanks, Alaska, for appellant Leavitt.
 Robert A. Parrish, Fairbanks, Alaska, for appellant Cripple Creek Resort, Inc.
 Jerome I. Braun (argued), of Elke, Farella, Braun & Martel, Richard M. Bryan, San Francisco, Cal., for appellee.
 Before MADDEN,[1] Judge of the United States Court of Claims, and ELY and HUFSTEDLER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Leavitt appeals from a judgment entered in favor of Home Insurance Company, Inc. ('Home'), after the district court granted Home's motion for summary judgment.
 
 
 2
 Home had written a comprehensive liability policy (general-automobile) in favor of its assured, Cripple Creek Resort, Inc. ('Cripple Creek'), sometime prior to May 3, 1964. It undertook to defend and to indemnify its assured under terms and conditions stated in the policy. On May 3, 1964, William Leavitt was killed in an automobile accident near Fairbanks, Alaska. Leavitt was riding as a passenger in an automobile driven by Russell Gillaspie, Jr.
 
 
 3
 On March 23, 1965, the administrator of Leavitt's estate sued Gillaspie and Cripple Creek, claiming that Cripple Creek was liable for Leavitt's wrongful death because it had served intoxicating liquor to Gillaspie, a minor who was then intoxicated, in violation of cited sections of the Alaskan statutes.
 
 
 4
 Cripple Creek tendered defense of the action to Home. Home denied coverage and refused to defend. Cripple Creek secured other counsel who settled the case by confessing judgment in favor of Leavitt's estate for $100,000 plus costs and attorney's fees and by obtaining the administrator's agreement not to execute on the judgment so long as Cripple Creek prosecuted its action against Home.
 
 
 5
 On January 5, 1967, Home filed an action against Leavitt's administrator and Cripple Creek seeking a declaration that it was not required to defend Cripple Creek against the wrongful death action and that it was not required to indemnify Cripple Creek upon its settlement of that litigation. Cripple Creek defaulted. Home and the administrator each sought summary judgment. The district court denied the administrator's motion, granted Home's motion, and this appeal followed.
 
 
 6
 We think Home was right in denying coverage. The wrongful death action filed against Cripple Creek fell within exclusion '(E)' of the policy, excluding from coverage liability imposed on the insured as an organization engaged in 'selling * * * alcoholic beverages, or as an owner or lessor of premises used for such purpose, by reason of any statute or ordinance pertaining to the sale, gift, distribution or use of any alcoholic beverage.'
 
 
 7
 None of the remaining contentions requires discussion in view of our disposition of the coverage issue.
 
 
 8
 The judgment is affirmed.
 
 
 9
 Judge J. WARREN MADDEN concurs in the judgment.
 
 
 
 [1]
 Hon. J. WARREN MADDEN, Senior Judge, United States Court of Claims, San Francisco, California, sitting by designation