Grafton
No. 7626

NEW HAMPSHIRE INSURANCE CO.

v.

HILLWINDS INN, INC.

April 29, 1977

*Hinkley & Donovan,* of Lancaster (*Mr. Walter D. Hinkley* orally), for the plaintiff.

*David B. Shepatin,* of Littleton, by brief and orally, for the defendant.

DOUGLAS, J. We are asked herein to render a declaratory judgment determining coverage under a general liability policy issued by the plaintiff to the defendant, Hillwinds Inn, Inc., in connection with a tort action brought by the estate of Lucy Pfosi against the defendant. A hearing was held before *Johnson, J.,* who made findings of fact and transferred all questions of law without ruling.

The defendant is engaged in the business of renting rooms and selling meals and alcoholic beverages. On September 22, 1973, Lucy Pfosi, who was walking along Route 18 in Franconia, New Hampshire, was struck and killed by a motor vehicle allegedly operated by a departing customer of the defendant's. The estate of Lucy Pfosi has sued the defendant, alleging that it served alcoholic beverages to the customer, causing her to be under the influence thereof and thereby causing the accident. The writ also alleges that Hillwinds undertook to "police" its customers as they left the premises to assure that they were in proper condition to drive, and that the defendant negligently failed to so police the particular customer involved in the accident.

The plaintiff's policy issued to the defendant contains the following provision: "Exclusions. This insurance does not apply: . . . (h) to bodily injury or property damage for which the insured or his indemnitee may be held liable (1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages . . . if such liability is imposed . . . (ii) by reason of the selling, serving or giving of any alcoholic beverage . . . to a person under the influence of alcohol or which causes or contributes to the intoxication of any person. . . ."

We find this provision to clearly exclude coverage of the Pfosi suit. In *Elks Lodge v. Hanover Insurance Co.,* 110 N.H. 324, 266 A.2d 846 (1970), we held that the absence of such language from the policy obligated the insurance carrier to cover the insured tavern's liability for negligently furnishing alcohol to its intoxicated customers. *See also Three Sons, Inc. v. Phoenix Ins. Co.,* 357 Mass. 271, 257 N.E.2d 774 (1970); *Home Ins. Co. v. Leavitt,* 429 F.2d 1276 (9th Cir. 1970). The clause in question is more or less

standard language in tavern and saloon general liability policies, and is generally recognized as accomplishing the result for which the New Hampshire Insurance Company contends. *See Amundsen v. Great Central Ins. Co.*, 451 S.W.2d 277 (Tex. Civ. App. 1970); 1 R. Long, The Law of Liability Insurance § 10.19, at 10–28.8 (1976); 3 R. Long, *supra* at App. 52.2–52.3.

Hillwinds further argues that even if the insurer is not required to provide coverage under count I of the Pfosi complaint, which alleges negligence in the serving of alcoholic beverages, the company is still obligated to defend count II, charging the defendant with failure of due care in the policing of departing customers. We agree with the plaintiff that this count is in effect no more than a variant of count I, and as such falls within the policy exclusion as seeking to impose liability upon the insured as an organization engaged in the business of selling and serving alcoholic beverages.

*Judgment for the plaintiff.*

All concurred.