Belknap
No. 84-066

### AMERICAN LEGION POST #49

v.

### JEFFERSON INSURANCE COMPANY OF NEW YORK & a.

November 30, 1984

*Snierson, McKean & Mattson P.A.*, of Laconia (*Edgar D. McKean, III, & a.* on the brief, and *Edward B. Mulligan, IV*, orally), for the plaintiff.

*Sulloway, Hollis & Soden*, of Concord (*James O. Barney* on the brief and orally), for the defendant Jefferson Insurance Company.

DOUGLAS, J. In this declaratory judgment action, we must decide whether a clause in an insurance contract, which excludes from coverage injury resulting from the sale of alcoholic beverages by an

organization engaged in the business of selling alcoholic beverages, applies to a non-profit organization which derives substantial revenue from the regular sale of alcohol.

The facts in this case are not in dispute. The plaintiff, American Legion Post #49 (the Legion) is a private veterans' association granted non-profit status by the federal government for income tax purposes. The Legion operates a bar which sells alcoholic beverages each day and evening and derives substantial profits from these sales. These profits make up the bulk of the Legion's revenue and are used to meet its operating expenses, provide benefits to its members, and fund its social, civic, and community activities.

A suit for damages was filed against the Legion by James Petelle for injuries he sustained on January 26, 1979 as a result of the Legion's alleged negligence in serving alcohol to an intoxicated patron and allowing him to drive away in that condition. The defendant Jefferson Insurance Company (Jefferson), liability insurer of the Legion, declined to provide a defense in that suit. In doing so, it relied upon an exclusionary clause in its policy with the Legion which provides as follows:

"This insurance does not apply . . .

 (h) to bodily injury or property damage for which the insured or his indemnitee may be held liable

 (i) as a person or organization engaged in the business of . . . selling or serving alcoholic beverages . . .

 if such liability is imposed . . .

 (ii) by reason of the selling, serving, or giving of any alcoholic beverage . . . to a person under the influence of alcohol or which causes or contributes to the intoxication of any person . . . ."

The Legion filed a declaratory judgment action to determine insurance coverage. The Superior Court (*Dunn,* J.) ruled that the policy exclusion was inapplicable and that Jefferson had a duty to provide a defense for the Legion. We agree.

This case is controlled by *Laconia Rod & Gun Club v. Hartford Acc. & Indemn. Co.,* 123 N.H. 179, 459 A.2d 249 (1983), which interpreted an identical liability exclusion clause. In that case we held that the phrase "engaged in the business of selling or serving alcoholic beverages . . ." was ambiguous and that when a term in an insurance contract is ambiguous, it must be resolved against the insurer. *Id.* at 182, 459 A.2d at 251; *Town of Epping v. St. Paul Fire and Marine Ins. Co.,* 122 N.H. 248, 252, 444 A.2d 496, 498 (1982).

"Engaged in the business of" has two common meanings. It may mean any regular activity that occupies one's time and attention,

with or without direct profit motive, or it can mean an activity with a direct profit objective. Resolving the ambiguity in favor of the insured, we stated that "in the business of" had the latter, more narrow, meaning. *Laconia Rod & Gun Club v. Hartford Acc. & Indemn. Co., supra* at 183, 459 A.2d at 251.

█ Applying that definition to the present case, we hold that the Legion, a non-profit veterans' association, did not have a direct profit motive in operating its bar and, therefore, was not "in the business of" selling alcoholic beverages for the purposes of the liability exclusion clause.

This conclusion is not altered by the fact that the plaintiff derived substantial revenues from the operation of its bar. It is the character of the organization, not the profitability of its liquor sales in a given month or year, which determines whether or not an exclusionary clause, such as the one in question here, applies.

The Legion is a non-profit club which uses its bar revenue to meet its operating expenses, to provide benefits to its members and to fund its various activities. Thus, although the Legion derives substantial revenue from liquor sales, it does not have the same kind of direct profit motive that a commercial venture, such as a tavern or inn, has, where profits provide personal income for its owners. *See New Hampshire Ins. Co. v. Hillwinds Inn, Inc.*, 117 N.H. 350, 373 A.2d 354 (1977).

The defendant insurance company raises a second issue regarding the fairness of applying retroactively our decision in *Laconia Rod and Gun Club*. Although this issue was not raised below, Jefferson urges that we decide it. As the basis for this, Jefferson states that it had requested, and the court granted, a period of ten days after trial during which additional requests for findings and memoranda of law could be filed. Nevertheless, the court issued its decision four days before that deadline, before either party filed any documents, and thus, defendant argues, precluded it from raising this second issue.

█ Whether or not such circumstances would otherwise compel us on appeal to hear an issue not raised below, particularly when counsel made no attempt to submit memoranda after issuance of the decision, they do not do so in this case. The record reveals that Jefferson had requested ten days in order to introduce documents on an issue totally unrelated to the one raised for the first time here. Therefore, we will not depart from our often-stated rule that issues will not be considered on appeal which were not raised below. *State v. Desmond*, 125 N.H. 448, 448–49, 480 A.2d 208, 209 (1984).

*Affirmed.*

All concurred.