AUTO–OWNERS INSURANCE COMPANY, Appellant,

v.

VETERANS OF FOREIGN WARS POST 5906; Veterans of Foreign Wars of the United States; Shirley Craine, Individually; Shirley Craine, Administrator of the Estate of Silas Craine, Jr.; Jennifer Branstetter, Individually; and Jennifer Branstetter, Administrator of the Estate of James R. Branstetter, Appellees.

No. 2008–CA–000141–MR.

Court of Appeals of Kentucky.

Jan. 16, 2009.

Thomas L. Travis, Lexington, KY, for appellant.

Brian M.P. Driver, Glasgow, KY, for appellees.

Before CLAYTON, LAMBERT, and WINE, Judges.

## OPINION

LAMBERT, Judge.

Auto–Owners Insurance Company (hereinafter "Auto–Owners") appeals from the summary declaratory judgment in favor of the Veterans of Foreign Wars Post 5906 (hereinafter the "VFW"), finding that it was entitled to liability coverage and indemnity under the liability policy it entered into with Auto–Owners. After careful review, we affirm the order of the Barren Circuit Court.

On June 18, 2004, James R. Branstetter was driving a vehicle in which Silas R. Craine, Jr., was a passenger. This vehicle collided with another vehicle, causing the death of both men. Mr. Craine and Mr. Branstetter had visited the VFW off North Jackson Highway in Glasgow in the hours before the fatal accident.

On June 17, 2005, Shirley Craine, as administratrix of the Estate of Silas R. Craine, Jr., filed a wrongful death suit in the Barren Circuit Court against defendants, including the VFW. Therein, Ms. Craine alleged that the negligence of Mr. Branstetter and the VFW was the sole cause of the accident and the death of Mr. Craine. More specifically, Ms. Craine claimed that the "VFW was negligent in allowing and/or assisting Defendant James R. Branstetter to become intoxicated upon and within its premises and/or permitting him to drive away from said premises in an intoxicated state thereby endangering himself and others." She further claimed that the "VFW was negligent in providing alcoholic beverages to an already intoxicated individual and/or in some way contributing to the intoxicated driving of Defendant James R. Branstetter."

Auto–Owners is a Michigan corporation doing business in the Commonwealth of Kentucky. It issued a commercial general liability policy to the VFW with a policy term running from February 19, 2004, to February 29, 2005. The policy contains an exclusionary clause stating:

This insurance does not apply to:

c. 'Bodily injury' or 'property damage' for which any insured may be held liable by reason of

(1) causing or contributing to the intoxication of any person

(2) the furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

Auto–Owners is defending the VFW under reservation of rights, and on August 4, 2005, Auto–Owners filed a complaint for declaration of rights and judgment, seeking a declaration that the commercial general liability insurance policy it issued, by its terms above, did not provide coverage for any claims arising or which may arise from the suit filed by Ms. Craine. Auto–Owners also sought a judgment declaring that it had no obligation to defend or indemnify the VFW in connection with Ms. Crain's litigation, specifically under the exclusionary clause as set forth above. As part of the action seeking declaratory judgment, the parties stipulated to the following facts.

The VFW has been in good standing with the Kentucky Secretary of State's office as a non-profit Kentucky Corporation for over sixty years. Membership in the VFW is contingent upon one's service in the military in a warzone overseas. Members pay dues of $21.50 annually or a one-time life membership fee based on age.

The VFW is involved in a number of activities regarding maintaining Veterans benefits, including community service and making charitable donations. Revenue raised from the operation of a bingo hall in Cave City, Kentucky, provides the source for most of the VFW's revenue. The revenue is about $25,000.00 in gross profits per month.

Members of the VFW also congregate at the post on North Jackson Highway in Glasgow, Kentucky, to socialize and pass the time shooting pool or playing cards. Members are permitted to bring and store their own alcohol at the post. Either each member marks his own alcohol with his name, or he takes a punch card worth twenty-four beers if he brings in a case of beer. The VFW does not sell alcoholic beverages, but it does charge a storage fee of $.50 a can. This nets about $120.00 a week in revenue. The VFW sells "set-ups" (i.e. Cokes), which are $.50.

The sole issue below was whether or not the exclusion contained in the insurance policy pertaining to incidents involving bodily injury or property damage in the causing or contributing to the intoxication of a person is applicable. The exclusion applies only if the court finds that the VFW was in the "business of manufacturing, distributing, selling, serving, or furnishing alcoholic beverages." On December 13, 2007, the trial court found that the VFW was not "in the business" of distributing, selling, serving, or furnishing alcoholic beverages, and therefore Auto–Owners has a duty to defend and indemnify the VFW with respect to the underlying wrongful death action filed by Shirley Craine. Auto–Owners filed a motion to alter, amend, or vacate the court's sum-

mary declaratory judgment in favor of the VFW, but the court denied the motion. This appeal followed.

■ Summary judgment is proper when there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Steelvest v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky.1991); CR 56.03. Moreover, interpretation and construction of an insurance contract is a matter of law for the courts to determine, and we review interpretations of law de novo. *Stone v. Kentucky Farm Bureau Mutual Insurance Company*, 34 S.W.3d 809, 810 (Ky.App. 2000); *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky.App.1999).

■ It is a fundamental rule in the construction of insurance policy contracts that the contract shall be liberally construed and any doubts resolved in favor of the insured. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Shelton*, 413 S.W.2d 344 (Ky.1967); *Kentucky Farm Bureau Insurance Co. v. Vanover*, 506 S.W.2d 517 (Ky. 1974). Moreover, any limitation on coverage or exclusion must be clearly stated in the policy in order to apprise the insured of such limitations. *See St. Paul Fire & Marine Insurance Company v. Powell–Walton–Milward Inc.*, 870 S.W.2d 223 (Ky. 1994).

■ The issue in this case turns on what it means to be "in the business of manufacturing, distributing, selling, serving, or furnishing alcoholic beverages." Auto–Owners argues that the clause is unambiguous and therefore it should not be required to provide indemnity to the VFW for the underlying wrongful death action. Although we agree that the exclusionary clause set forth above is clear as to what type of activity is excluded from coverage, the ambiguity lies in whether the VFW is engaged in that specific activity. Since the definition of what it means to be "in the business" of distributing alcohol is not defined in the policy, the interpretation remains a matter of law for this court to determine. *See Stone*, 34 S.W.3d at 810.

Webster's Online Dictionary defines "business" as "a usually commercial or mercantile activity engaged in as a means of livelihood." [1] Additionally, the American Heritage College Dictionary defines "business" as "the occupation, work, or trade in which a person is engaged." [2] Although non-binding on this court, we find the New Hampshire Supreme Courts analysis of an almost identical fact pattern elucidating. In *American Legion Post # 49 v. Jefferson Insurance Co.*, 125 N.H. 758, 485 A.2d 293 (1984), the New Hampshire Supreme Court opined that "in the business of" has two ordinary meanings: 1) "any regular activity that occupies one's time and attention, with or without direct profit motive;" or 2) "an activity with a direct profit objective."

When viewed in light most favorable to the insured, we simply cannot say that the VFW is in the business of selling, serving, furnishing, distributing, or manufacturing alcoholic beverages. The facts do not support a finding that the VFW was engaged in the distributing, selling, or serving of alcohol for a profit, and we do not find that the VFW distributes, sells, or serves alcohol as a regular activity that occupies its time and attention. On the contrary, the VFW is primarily concerned with the operation of its bingo hall and various charita-

1. *Merriam–Webster's Online Dictionary* (2009).

2. *The American Heritage College Dictionary Online* (4th ed.2000).

ble activities. When examined closely, the VFW is simply a storage facility for its members' alcohol, and the exclusionary clause does not exclude coverage to a policyholder who stores alcohol.

Accordingly, we find no error with the reasoning below and affirm the summary declaratory judgment of the Barren Circuit Court in its entirety.

ALL CONCUR.