COUNTY OF SCHENECTADY, Respondent, v TRAVELERS INSURANCE COMPANY, Appellant.

Third Department, June 12, 1975

*Dugan, Lyons, Murphy, Pentak & Brown (Thomas W. Brown* and *Michael D. Morgan* of counsel), for appellant.

*Raymond F. Loucks (George A. Maksail* of counsel), for respondent.

GREENBLOTT, J. In February, 1972, Deborah La Vallee was injured when an automobile operated by Dean Ganott, in which she was a passenger, ran off the road and crashed. La Vallee and Ganott had attended a party on premises of the Schenectady County Community College sponsored by the Student Government Association of said college. A temporary permit for the sale of beer had been obtained from appropriate State authorities. In an action by La Vallee against a number of defendants, the County of Schenectady through its agents (the college and its trustees) was alleged to have been negligent in unlawfully selling or serving intoxicating beverages to Ganott when it knew or should have known that he was then under the influence of alcohol (see General Obligations Law, § 11-101).

Upon being served with the summons and complaint, the County of Schenectady, plaintiff herein, forwarded them to defendant Travelers Insurance Company, which had issued to plaintiff a general liability policy. Plaintiff's demand that Travelers defend the La Vallee action was rejected pursuant to a disclaimer of coverage based on Exclusion (f) to the bodily injury liability section of the policy. This action for a declaratory judgment compelling Travelers to defend was then commenced. Exclusion (f) declares that:

"This insurance does not apply * * * to *bodily injury* or *property damage* for which the *insured* or his indemnitee may be held liable, as a person or organization engaged in the

business of manufacturing, distributing, selling or serving alcoholic beverages or as an owner or lessor of premises used for such purposes, by reason of the selling, serving or giving of any alcoholic beverage.

"(1) in violation of any statute, ordinance or regulation,

"(2) to a minor,

"(3) to a person under the influence of alcohol, or

"(4) which causes or contributes to the intoxication of any person".

The court at Special Term held that the term "business" as contained in the above-quoted provision refers to an activity "carried on regularly for pecuniary gain", not to an activity conducted on one occasion, and by an implicit finding that "purposes" as set forth in the exclusion referred to "business", determined that the exclusion should not apply. Defendant appeals, contending that "purposes" refers merely to "manufacturing, distributing, selling or serving alcoholic beverages", and since plaintiff is an "owner * * * of premises used for such purposes", the exclusion relieves defendant of coverage. In the alternative, defendant argues that because on the occasion in question a permit to sell beer at retail had been obtained, a "business" was being conducted.

Defendant's second contention is easily rejected. It is not seriously contended that the Student Government Association was a profit-seeking organization or that plaintiff stood to realize a pecuniary gain from the party. The temporary nature of the permit itself, with a duration of only seven hours, satisfactorily dispels any notion that a "business" was being conducted.

This brings us to the more difficult question of whether the exclusion was clearly intended to apply to casual, nonrecurring situations involving the selling or serving of liquor not connected with a business on premises owned by plaintiff. We think that it was not. The language employed, particularly the word "purposes", is susceptible of two reasonable interpretations. In such circumstances, we cannot engage in efforts to determine which interpretation seems more reasonable: "[a] construction favorable to the insurer will only be sustained where it is the sole construction which can fairly be placed upon the words employed". *(Cantanucci v Reliance Ins. Co.,* 43 AD2d 622, 623.) While this rule is not to be invoked where one of two competing constructions is strained or unnatural, we

are compelled by logic to conclude that the construction contended for by the plaintiff insured is not unreasonable.

The use of premises for an on-going venture of manufacturing, selling or serving alcoholic beverages creates a continuing risk of liability under New York's dram shop law, for which an insurer might wish to exclude coverage except upon payment of an additional premium. Where, however, the sale of alcohol takes place on an infrequent basis, the risk of liability is reduced, wherefore coverage might be deemed to be extended without payment of additional premiums under a general liability policy such as the one in force here. Had defendant in the present case clearly intended to exclude coverage for any activity involving the sale or serving of liquor, clear language to that effect could have been employed, and any reference to "business" would have been unnecessary. Because the insurer did choose to use the word business, we think it fair to conclude that a limitation was imposed on the extent of the exclusion. For these reasons, the order must be affirmed.

The order should be affirmed, without costs.

HERLIHY, P. J., SWEENEY, LARKIN and REYNOLDS, JJ., concur.

Order affirmed, without costs.