Dominick A. De Lisa et al., Respondents, v Amica Mutual Insurance Company, Appellant, et al., Defendants.

Third Department, December 1, 1977

## APPEARANCES OF COUNSEL

*Carter, Conboy, Bardwell, Case & Blackmore (William Soronen* of counsel), for Amica Mutual Insurance Company, appellant.

*Gordon, Gordon & Siegel (Arnold M. Gordon* of counsel), for respondents.

*Friedman, Maksail & Hirschen (Harold A. Friedman* of counsel), for Merchant's Mutual Insurance Company, defendant.

*Lipsig, Napoli, Sullivan, Mollen & Liapakis* for Jayne Schiff, defendant.

## OPINION OF THE COURT

MAHONEY, J.

After taking proof in an action for a declaratory judgment, the trial court determined that Amica Mutual Insurance Company (Amica) was obligated to defend and, if necessary, to indemnify plaintiffs for money damages recovered by one Jayne Schiff in a negligence action against plaintiffs following an accident which occurred on property owned by them in Albany County.

Plaintiffs purchased the subject 190-acre plot in the Town of Knox, Albany County, on August 14, 1968. Two structures then on the premises burned down within several months of the purchase date. Also located on the land is a geological formation known as Knox Cave. The only improvements made to the land between August 14, 1968 and May 3, 1975, the date of the accident, were the erection of an iron gate at the mouth of the cave and the installation of a platform and steel ladder inside the cave. The gate was installed by the National Speleological Society whose membership had been given permission by plaintiffs to use the cave. The platform and ladder had been installed without the knowledge and consent of plaintiffs. Amica insured the subject property on an annual

basis, issuing a separate policy for each calendar year. The policy for 1975 was issued when the iron gate had deteriorated into a state of uselessness. Neither plaintiffs nor any other person resided on the property.

Amica's first ground for disclaiming was that the subject property was not "vacant land" within the policy definition of insured premises. We disagree.

While the words "vacant land", as used in insurance policies, have never been defined by New York courts, we conclude that such words, given their ordinary import, mean lands that are both unoccupied and unused. Here, it is conceded that the subject property was unoccupied during the policy period. Use of land implies the employment of the same in a manner that will materially benefit the owner. No evidence was offered at trial that the land was "used" in a manner beneficial to plaintiffs, despite their permission to members of the National Speleological Society to explore Knox Cave. No fees were charged, the land was not worked and plaintiffs did not engage in any other commercial activity. Next, even if the words "vacant land" were accorded some degree of ambiguity, it would only create an arguable contention which under well-settled principles would have to be resolved against the insurer (*County of Schenectady v Travelers Ins. Co.,* 48 AD2d 299).

Amica's second contention that plaintiffs' unnoticed purchase of potentially dangerous property materially increased the hazards insured against, thereby violating the terms and conditions of the coverage in a manner authorizing a disclaimer, must be rejected. Such a defense should have been affirmatively pleaded. CPLR 3018 (subd [b]) defines an affirmative defense as any matter which raises fact issues not appearing on the face of a prior pleading. Since plaintiffs' complaint did not allege the issue of increased risk and Amica failed to plead the issue affirmatively, the fact issues were not litigated in the trial below. The general rule is that an affirmative defense is waived if not raised in the pleadings (*Ensign v Klekosky,* 25 Misc 2d 536, affd 12 AD2d 680, mot for lv to app dsmd 9 NY2d 789).

The judgment should be affirmed, with costs.

SWEENEY, J. P., MAIN, LARKIN and MIKOLL, JJ., concur.

Judgment affirmed, with costs.