CLASSIFIED INSURANCE CORPORA-
TION, petitioner, Appellant,

v.

Robert A. VODINELICH, individually and as Trustee for the Heirs and Next of Kin of Decedents April Rae Vodinelich and Lance R. Vodinelich, Respondents,

Nancy L. Vodinelich, deceased, by Robert Dolan, Special Administrator of the Estate of Nancy L. Vodinelich, Respondent.

No. C4–84–219.

Supreme Court of Minnesota.

June 14, 1985.

Robert W. Kettering, Jr., Paul M. Floyd, Minneapolis, for appellant.

James C. Erickson, St. Paul, for Robert Vodinelich, et al.

Robert T. Dolan, Minneapolis, for the estate.

PETERSON, Justice.

Nancy Vodinelich committed suicide in August 1978 by idling the engine of her automobile while it was parked in the family garage. In taking her own life, she also accidentally caused the deaths of her two minor children when the door connecting the garage to the house somehow became slightly ajar and carbon monoxide leaked into the house.

Respondent, Robert A. Vodinelich, brought an action against the Estate of Nancy L. Vodinelich for damages arising from the wrongful deaths of the children. At the time of her death, Nancy was insured under an automobile liability policy that respondent had purchased from appellant, Classified Insurance Company (Classified). Respondent contended that the policy required Classified to indemnify Nancy's estate. Classified denied liability and brought a declaratory judgment proceeding in Hennepin County District Court contending that under the policy it was not obliged to defend or indemnify the estate because the deaths of the children did not arise "out of the ownership, maintenance or use of the owned automobile." The trial court agreed that Classified had no duty to defend or indemnify, but the court of appeals reversed. We reverse the court of appeals.

We have frequently interpreted the phrase "arising out of the use" of a motor vehicle in both automobile liability insurance policies and under the Minnesota

No-fault Automobile Insurance Act, Minn. Stat. § 65A.45, subd. 3 (1984). For coverage to exist, "there must be some connection between the injury and the use of the vehicle for transportation purposes." *Tlougan v. Auto-Owners Ins. Co.,* 310 N.W.2d 116, 117 (Minn.1981) (no-fault statute); *see Holm v. Mutual Service Casualty Ins. Co.,* 261 N.W.2d 598 (Minn.1977) (automobile policy context). The use of a motor vehicle need not be a proximate cause of the injury in the tort sense; it is sufficient if "the injury is a natural and reasonable incident or consequence of the use of the vehicle." *Nadeau v. Austin Mut. Ins. Co.,* 350 N.W.2d 368, 370 (Minn. 1984); *North River Ins. Co. v. Dairyland Ins. Co.,* 346 N.W.2d 109, 114 (Minn.1984). The vehicle must be an "active accessory" to the injury sustained. *Id.* at 114; *Tlougan,* 310 N.W.2d at 117.

In previous decisions we have uniformly repeated that for coverage to exist, the vehicle must have been used "for transportation purposes." *See, e.g., Nadeau,* 350 N.W.2d at 370; *North River,* 346 N.W.2d at 114; *Waseca Mut. Ins. Co. v. Noska,* 331 N.W.2d 917, 920 (Minn.1983); *Waldbillig v. State Farm Mut. Auto. Ins. Co.,* 321 N.W.2d 49, 51 (Minn.1982); *Tlougan,* 310 N.W.2d at 117; *Haagenson v. National Farmers Union Property & Casualty Co.,* 277 N.W.2d 648, 652 (Minn.1979); *National Family Ins. Co. v. Boyer,* 269 N.W.2d 10, 15 (Minn.1978); *Holm v. Mutual Service Casualty Ins. Co.,* 261 N.W.2d 598, 603 (Minn.1977). Nonetheless, the court of appeals did not follow our prior language and substituted its own test—a covered use is one " 'which is reasonably consistent with the inherent nature of the vehicle.' " *Classified Ins. Corp. v. Vodinelich,* 354 N.W.2d 63, 65 (Minn.App.1984), quoting *Lawver v. Boling,* 71 Wis.2d 408, 238 N.W.2d 514 (1976). Under that test, the court of appeals concluded that Classified was liable to indemnify Nancy's estate for the deaths of the Vodinelich children.

The requirement that coverage will exist only for injuries resulting from uses for transportation purposes is intended to limit an automobile insurance company's liability to those risks the policy was intended to insure against, that is, against risks associated with "motoring." *See* Uniform Motor Vehicle Accident Reparations Act § 1(a)(6) comment (1982). Situations may arise that our existing language will prove insufficient to meet. If so, other alternatives may be explored; as we have stated, "each case presenting such a question must, to a great degree, turn on the particular facts presented." *Associated Indep. Dealers Inc. v. Mutual Serv. Ins. Co.,* 304 Minn. 179, 229 N.W.2d 516, 519 (1975). We are not persuaded by the circumstances of this case, however, to overrule or revise our existing holdings.

We hold that the deaths of the Vodinelich children did not arise out of the use of a motor vehicle for purposes of respondent's automobile liability insurance coverage because the vehicle was not being used "for transportation purposes."

Reversed.

SIMONETT, Justice (dissenting).

I respectfully dissent. If the mother had simply forgotten that she had left the car idling in the garage and the children were asphyxiated by carbon monoxide leaking into the house, I would suppose the auto liability policy would cover the death claims. The factual distinction in the case before us is that the mother intentionally left the motor running. Yet in both cases the motor vehicle is functioning or operating exactly the same. The only difference is the operator's intent.

I do not think the operator's intent is controlling in the circumstances of this case. Our inquiry is *how* the car is being used, not *why*, and here the car is being used in a manner consistent with use of a motor vehicle as a motor vehicle.[1] Motor vehicles are used for transportation, so

---

1. The question of *why* a car is being used in a particular manner may bring the intentional act exclusion into play. Here, however, the operator intended only her own death, and the deaths of the children were accidental.

when we say that coverage is afforded "for transportation purposes," we are saying that coverage is afforded when the motor vehicle is used as a motor vehicle, *i.e.*, it is being used for its functional purpose. "Purpose" refers to the machine's function, not necessarily the operator's intent.

I would not adopt the "inherent-nature-of-the-vehicle" test, which really says nothing. "Nature" refers to character or disposition, and, notwithstanding labels such as Mustang and Skylark, motor vehicles do not have characters or dispositions. What they do have is a function, and automobile insurance coverage attaches to activities involving that inherent functional purpose. Here, the car was functioning as a car, and this activity was an active accessory of the child fatalities. It seems to me the car was, in the sense we have used the phrase, being used "for transportation purposes." *See Haagenson v. National Farmers Union Property & Casualty Co.*, 277 N.W.2d 648 (Minn.1979). On this ground, therefore, I would affirm the court of appeals decision.

YETKA, Justice (dissenting).

I join the dissent of Justice Simonett.

WAHL, Justice (dissenting).

I join the dissent of Justice Simonett.