NEWELL-BLAIS POST #443, VETERANS OF FOREIGN WARS OF
THE UNITED STATES, INC. *vs.* THE SHELBY MUTUAL
INSURANCE COMPANY.

Norfolk. November 5, 1985. — January 28, 1986.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, & O'CONNOR, JJ.

*Insurance,* Comprehensive liability insurance, Insurer's obligation to defend. *Words,* "Business."

A nonprofit veterans' organization incorporated for charitable purposes, which owned certain premises on which alcoholic beverages were served in accordance with a license issued to it under G. L. c. 138, § 12, was not engaged in the "business" of selling or serving alcoholic beverages for purposes of a provision in its policy of comprehensive liability insurance excluding from coverage liability imposed as an "organization engaged in the business of . . . selling or serving alcoholic beverages." [635-636]

Language in a policy of insurance excluding from coverage liability imposed "by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage" was insufficient to excuse an insurer from its duty to defend wrongful death claims against its insured based upon common law principles of negligence, under a complaint alleging that the insured had negligently sold alcoholic beverages in violation of G. L. c. 138, § 69, where any violation of § 69 was asserted only as evidence of the insured's negligence and not as the basis for imposing liability on the insured. [636-637]

In a proceeding seeking a declaratory judgment to establish the obligations of its insurer under the terms of an insurance policy issued to its insured, a defendant in a wrongful death action, the judge did not err in excluding evidence regarding the insurer's underwriting practices, offered by the insurer as relevant to an interpretation of certain exclusionary language in the policy, where the language of the exclusion was clear and unambiguous. [637-638]

In a proceeding seeking a declaratory judgment to establish the obligations of an insurer under the terms of an insurance policy issued to its insured, a defendant in a wrongful death action, the judge erred in ordering the insurer both to defend and indemnify the insured, rather than holding the issue of indemnification in abeyance until the completion of trial in the underlying wrongful death action. [638]

CIVIL ACTION commenced in the Superior Court Department on March 15, 1983.

The case was heard by *John H. O'Neil,* J., sitting under statutory authority.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Richard R. Eurich* for the defendant.

*James J. Walsh* for the plaintiff.

HENNESSEY, C.J. The plaintiff (Newell-Blais) sought a declaratory judgment in the Superior Court to establish the obligations of The Shelby Mutual Insurance Company (company) under the terms of an insurance policy issued by the company to Newell-Blais. After trial, at which the parties submitted a statement of agreed facts, the trial judge entered a judgment ordering the company to defend and indemnify Newell-Blais. The company appealed, and we transferred the case here on our own motion. We affirm that part of the Superior Court's judgment that requires the company to defend Newell-Blais.

We summarize the facts. Newell-Blais is a nonprofit veterans' organization incorporated under G. L. c. 180 (1984 ed.) for "fraternal, patriotic, historical, and educational" purposes. Newell-Blais is the owner of premises at 50 Jefferson Street, North Attleborough. Alcoholic beverages are served at these premises, in accordance with a license issued to Newell-Blais under G. L. c. 138, § 12 (1984 ed.).

The company issued a comprehensive general liability insurance policy under which the company was obliged to defend and indemnify Newell-Blais in any suit for bodily injury or property damage covered by the policy. This policy was in full force and effect at all material times.

A wrongful death action was filed against Newell-Blais on January 23, 1980. The complaint alleged that Newell-Blais negligently served alcoholic beverages to one of its patrons on January 25, 1977, and that, as a result of this negligence, the patron so carelessly operated his motor vehicle as to cause the death of the plaintiffs' decedents, two minor children.

Newell-Blais requested the company to defend it in this wrongful death action. The company denied liability, stating

that the policy did not afford coverage for the allegations set forth in the complaint against Newell-Blais, due to the operation of exclusion (h).[1] Newell-Blais subsequently commenced this declaratory judgment action, and the judgment ensued that the company must defend and indemnify Newell-Blais.

The company argues that (1) the claims against Newell-Blais are excluded from coverage by paragraph (h) of the policy;[2] (2) the judge improperly excluded evidence of the company's underwriting practices; and (3) the judge erred in ordering the company both to defend and indemnify Newell-Blais, rather than holding the issue of indemnification in abeyance until the completion of trial in the underlying wrongful death action.

1. *Exclusion (h).*

The company argues that Newell-Blais is an "organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages" within the meaning of exclusion (h) (1). The word "business" is not defined in the policy. This term thus must be given its ordinary and usual meaning, and construed in the manner that the insured would reasonably understand to be the scope of his coverage. *Slater* v. *United States Fidelity & Guar. Co.*, 379 Mass. 801, 803 (1980). *Save-Mor Supermarkets, Inc.* v. *Skelly Detective Serv., Inc.*, 359 Mass. 221, 226 (1971). "Business" is defined as "a usually commercial or mercantile activity customarily engaged in as

---

[1] Exclusion (h) provides in its entirety: "The insurance policy does not apply: (h) to bodily injury or property damage for which the insured or his indemnitee may be held liable (1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or (2) if not so engaged, as an owner or lessor of premises used for such purposes, if such liabilty is imposed (i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or (ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person; but part (ii) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above."

[2] The company relies exclusively on sections (h) (1) and (h) (2) (i) of the policy. The company does not argue that subsection (ii) in any way affects the coverage of Newell-Blais in the circumstances of this case.

a means of livelihood." Webster's New Int'l Dictionary 302 (3d ed. 1961). "Business," as commonly understood, is thus an activity engaged in for the purpose of gain or profit. As a nonprofit organization incorporated for charitable purposes, Newell-Blais is not engaged in the "business" of selling or serving alcoholic beverages within the clear meaning of exclusion (h) (1).

Next, the company argues that coverage for the wrongful death claims brought against Newell-Blais is precluded by exclusion (h) (2) (i), which excludes coverage for property damage or bodily injury where liability is imposed on the owner or lessor of premises "by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage." The action for wrongful death charges Newell-Blais with violating G. L. c. 138, § 69 (1984 ed.), which prohibits a licensed seller of alcoholic beverages from selling or delivering such beverages "to an intoxicated person, or to a person who is known to have been intoxicated within the six months last preceding." The company argues that, since the wrongful death action is based on a violation of G. L. c. 138, § 69, the liability of Newell-Blais is excluded from coverage under the policy by the operation of exclusion (h) (2) (i).

Our decision in *Three Sons, Inc.* v. *Phoenix Ins. Co.,* 357 Mass. 271 (1970), is controlling on this issue. In *Three Sons,* we held that language in an insurance policy excluding from coverage "liability imposed . . . by reason of any statute or ordinance pertaining to . . . any alcoholic beverage" was insufficient to preclude coverage where the underlying complaint averred that the insured had negligently sold alcoholic beverages to one of its customers in violation of G. L. c. 138, § 69, inserted by St. 1933, c. 376, § 2. *Three Sons, supra* at 275. We held that the words "by reason of" imported a direct causal relationship between the fact of liability and the violation of the statute. *Id.* This clause would therefore exclude coverage only where the violation of a statute, without more, was sufficient to impose liability. *Id.* General Laws c. 138, § 69, does not in itself impose civil liability. The underlying tort action

in *Three Sons* was based on the common law doctrine of negligence, and not on the statute. The violation of G. L. c. 138, § 69, was invoked merely as evidence of negligence, and not as an independent basis for relief. We thus concluded that liability was not alleged "by reason of any *statute*" within the terms of the exclusion.

The same result must be reached in this case. The language of exclusion (h) (2) (i), precluding coverage for liability "by, or because of" the violation of a statute, is not sufficiently distinct from the exclusion clause in *Three Sons* ("by reason of") to warrant a contrary result. The wrongful death action against Newell-Blais was brought under G. L. c. 229, §§ 2, 6 (1984 ed.), based upon common law principles of negligence. The violation of G. L. c. 138, § 69, was asserted in the complaint only as evidence of the defendant's negligence; it would not, without more, be sufficient to impose civil liability on Newell-Blais. Newell-Blais's potential liability is not "by, or because of" the violation of G. L. c. 138, § 69, within the meaning of exclusion (h) (2) (i).

2. *Evidence of Underwriting Practices.*

The company argues that the judge erred in excluding evidence regarding the company's underwriting practices. The company called as a witness its underwriting manager for New England, and sought to elicit from him evidence that the company never issued liquor liability insurance; that the premium charged to Newell-Blais did not include any charge for liquor liability coverage; and that liquor liability coverage was available from other insurance carriers in Massachusetts. The judge excluded questioning on these subjects.[3] The company argues that such evidence would have been relevant and instructive to the court in interpreting the language "engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages" in exclusion (h) (1). There was no error.

---

[3] The company made offers of proof regarding the testimony of the witness. In ruling this testimony inadmissible, the judge stated that he would limit the witness's answer to the fact that liquor liability insurance was available from other carriers. Newell-Blais stipulated to this fact.

We have already determined that the language of the exclusion is clear and unambiguous; recourse to extrinsic evidence to interpret the contract was not required.

3. *Indemnification*.

The judgment provided that the company was obligated under the policy to defend and indemnify Newell-Blais in the wrongful death action. The company argues that the judge's order regarding indemnification was improper, since the facts proved at trial may fall within one of the policy's exclusions.

We agree that the judge's order regarding indemnification was premature. While an insurer's obligation to defend its insured is measured by the allegations of the underlying complaint (*Continental Casualty Co.* v. *Gilbane Bldg. Co.*, 391 Mass. 143, 146 [1984]; *Fessenden School, Inc.* v. *American Mut. Liab. Ins. Co.*, 289 Mass. 124, 130 [1935]), the obligation to indemnify does not ineluctably follow from the duty to defend. See *Magoun* v. *Liberty Mut. Ins. Co.*, 346 Mass. 677, 682 (1964). The company is not necessarily bound to satisfy the potential judgment against Newell-Blais, since the facts proved at trial may fall within a policy exclusion, or Newell-Blais may fail to satisfy certain conditions of the insurance agreement. The issue of indemnification must await the completion of trial. Thus, the judgment must be modified by deleting that portion of the order which imposes upon the company, at the present time, an obligation to indemnify Newell-Blais for the amount of any judgment which might be entered against it in the wrongful death action. As thus modified, the judgment is affirmed.

*So ordered.*