618 So.2d 1185 (1993)
Penny CORMIER, Plaintiff-Appellant,
v.
The TRAVELERS INSURANCE COMPANY, Defendant-Appellee,
John C. Bowden Post 208, The American Legion, et al., Defendants-Appellants.
No. 92-879.
Court of Appeal of Louisiana, Third Circuit.
May 12, 1993.
Allen A. Krake, Paul J. Tellarico, Alexandria, for Penny Cormier.
James Eugene Williams, Lake Charles, for Travelers Ins. Co., et al.
Dennis R. Sumpter, Sulphur, for Vinton City Police.
Clifford L. Newman, Lake Charles, for American Legion, Bowden Post.
Before GUIDRY, STOKER and DECUIR, JJ.
GUIDRY, Judge.
The following facts are without dispute. On May 18, 1990, the Vinton High School Senior Class hosted a party at premises owned and operated by the John C. Bowden Post No. 208, The American Legion, a Louisiana non-profit corporation (hereafter The Legion). Plaintiff's decedent, Carter Cormier, then aged 14, attended the function and while there obtained and consumed alcoholic beverages to the point of intoxication. He was subsequently found dead in the early morning on May 19, 1990 after being struck by a train. Plaintiff instituted this suit against, among others, The Legion and its agents/officers and their insurer, The Travelers Insurance Company (hereafter Travelers), for negligent acts allegedly arising out of the sale of alcoholic beverages to underage patrons etc. Travelers filed a motion for summary judgment *1186 seeking its dismissal from the suit on the basis of the following exclusion set forth in the policy issued to The Legion:
Bodily Injury and Property Damage Liability:
2. ExclusionsThis insurance does not apply to:
. . . . . .
c. "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
(1) Causing or contributing to the intoxication of any person;
(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving, or furnishing alcoholic beverages.
The record reflects that over an extensive period of time preceding May 18, 1990 The Legion maintained a bar on its premises for the sale and service of beer, wine and other alcoholic beverages for profit. This bar was open and sales made not only to The Legion's membership but also in connection with functions hosted and conducted by The Legion and by others. The record reflects that on the night of the incident in question bar sales amounted to $814. In connection with this operation, The Legion secured and maintained all necessary retail beer and liquor permits required by the laws of this state. Documentary evidence establishes that The Legion maintains a separate account with the Calcasieu Marine National Bank styled "American Legion Bar Account" for deposit of bar receipts and for payment of expenses in connection with the bar operation and other unrelated expenses as authorized by the membership.
On the basis of the aforementioned undisputed facts, the trial court found the exclusion in the Travelers' policy applicable and rendered summary judgment in favor of Travelers. Plaintiff and Buford Turner, The Legion commander at the time of the incident, appealed.
Appellants urge that (1) the exclusion is ambiguous; and, in the alternative, (2) the exclusion is inapplicable because The Legion is not in the business of distributing, selling, serving or furnishing alcoholic beverages.
We agree with the trial court that the exclusionary clause is not ambiguous. The terms of the exclusion are clear and specific such that there is no coverage if, at the time of the incident in question, The Legion was in the business of selling, etc., alcoholic beverages. Morrison v. Miller, 452 So.2d 390 (La.App. 3rd Cir.1984); Pitts v. Bailes, 551 So.2d 1363 (La.App. 3rd Cir. 1989), writs denied, 553 So.2d 860 (La.1989) and 556 So.2d 1262 (La.1990); Miller v. Benson, 556 So.2d 252 (La.App. 2d Cir. 1990), writ denied, 559 So.2d 1379 (La. 1990).
Appellants principally argue that The Legion is not in the business of selling alcoholic beverages because it is a non-profit corporation. They urge that a business corporation has as its primary purpose the making of a profit while The Legion is a community service organization with the primary purpose of fostering and perpetuating fraternal, patriotic and educational purposes. In support of their contention, appellants rely on a decision of the Supreme Judicial Court of Massachusetts, Veterans of Foreign Wars of the United States, Inc. v. The Shelby Mutual Insurance Company, 396 Mass. 633, 487 N.E.2d 1371 (1986), which held that the VFW was not engaged in the sale of alcoholic beverages for purpose of gain or profit and therefore, the organization was not engaged in the "business" of selling or serving alcoholic beverages. We are aware of another decision involving a nonprofit fraternal organization holding to the contrary, State Auto. Insurance Ass'n v. Young Men's Republican Club of Allegheny County, Inc., 663 F.Supp. 1077 (W.D.Pa. 1987). In any event, decisions of the courts of other states, although to be considered, are not binding on the courts of this state.
*1187 We have carefully considered the issue presented and conclude that the trial court correctly determined that The Legion, although a non-profit corporation, was, on the date of the incident giving rise to this suit, in the business of selling, serving and furnishing alcoholic beverages. The obvious purpose of the phrase "in the business of" is to describe the nature of the activity engaged in and has nothing to do with the specific purpose for which the activity is pursued or the nature of the person or entity engaged in the activity.
The undisputed facts indicate that on May 18, 1990 the Legion was "in the business" of selling and serving alcoholic beverages.
For these reasons, the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.