Garsh, J.
The plaintiffs, Richard L. and Dolores Canfield, brought this action claiming that Aetna Casualty & Surety Company (“Aetna”) violated G.L.c. 93A and c. 176D by breaching its duty to defend under a homeowner’s policy it had issued. Aetna counterclaimed, seeking a declaration that the plaintiffs are not entitled to liability coverage and/or a defense based upon an exclusion contained in the policy for injuries arising out of use of “motorized land conveyances.”
Currently before the court are the parties’ cross-motions for partial summary judgment on the issue of construction of the homeowner’s policy. The parties have not sought summaiy judgment on the G.L.c. 93A and G.L.c. 176D claims. For the following reasons, plaintiffs’ motion for summary judgment is denied and the defendant’s motion for summary judgment is allowed.
UNDISPUTED FACTS
The plaintiffs are husband and wife. They reside in East Billerica, Massachusetts. At all material times, they were insured under a homeowner’s policy, #21 SH 12059392 PCA, issued by Aetna (“the Policy").
On August 19, 1988, the plaintiffs’ minor son, John M. Canfield, was operating a moped when he collided with an automobile driven by Linda S. Grady (“Grady”). There was a passenger on the moped at the time of the accident. The accident occurred at the intersection of Cardington Avenue and Allendale Avenue in Billerica, Massachusetts. The plaintiffs’ residence is neither on, nor contiguous to, the scene of the accident.
Plaintiff Dolores Canfield owned the moped, a 1988 Suzuki Model FA 50. It was equipped with a motor, a headlight, foot pedals, a tail light, directional signals, a horn, and brakes.
The plaintiffs brought a negligence action against Grady for damages incurred by their son in the accident. Grady counterclaimed, seeking damages for her injuries. The plaintiff notified Aetna of the counterclaim.
On November 13, 1990, Aetna advised the plaintiffs that they were not entitled to coverage or defense under the Policy with respect to Grady’s counterclaim. Aetna maintained that the counterclaim fell within an exclusion in the Policy for personal injuries arising out of the use of “motorized land conveyances.”
DISCUSSION
Summaiy judgment shall be granted where there are no material facts in dispute and the moving parly is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving parly bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
The undisputed facts here establish that Aetna did not breach its duly to defend. The allegations of the counterclaim are not “reasonably susceptible” of an interpretation that they state a claim covered by the Policy. Sterilite v. Continental Casualty Co., 17 Mass.App.Ct. 316, 318 (1983). The Policy states, in relevant part, that “Personal Liability does not apply to bodily injuiy: . . . arising out of the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers owned or operated by or rented or loaned to any insured.”[2]
*105 Plaintiffs contend that the term “motorized land conveyance" is ambiguous because neither the Policy nor Massachusetts law defines the term. They argue that, because the Policy is ambiguous, the exclusion should be construed against the insurer and in favor of coverage.
An insurance contract, like other contracts, is interpreted according to the usual and ordinary meaning of its words. The interpretation of a written contract is a question of law, unless disputed facts bear upon the interpretation. Powers, Inc. v. Wayside, Inc., 343 Mass. 686, 689 (1962). Doubts created by any ambiguous words or provisions are resolved against the insurer in order not to defeat intended coverage or diminish the protection purchased by the insured. Camp Dresser & McKee, Inc. v. Home Insurance Co., 30 Mass.App.Ct. 318, 324 (1991). At the same time, a court hás no license to disregard unambiguous language in an insurance contract. Unambiguous words in a policy must be enforced according to its terms. Barnstable County Mutual Fire Insurance Co. v. Lally, 374 Mass. 602, 605 (1978).
The term “motorized land conveyance” is not ambiguous. The mere fact that it has not been defined does not, by itself, create an ambiguity. An insured reasonably would understand a moped to be included within the scope of the exclusion. Newell-Blais Post #443 v. Shelby Mutual Insurance Co., 396 Mass. 633, 635 (1986) (a term in an exclusion “must be given its ordinary and usual meaning, and construed in the manner that the insured would reasonably understand to be the scope of his coverage”).
The words at issue are not susceptible to more than one rational interpretation; therefore, the term is not ambiguous. Hazen Paper Co. v. United States Fidelity and Guaranty Co., 407 Mass. 689, 700 (1990). The usual and ordinary usage of the word “motorized” is “equipped with a motor or motors.” Webster’s Ninth New Collegiate Dictionary, 775 (Merriam-Webster 1984). “Land” obviously refers to territory not under water. Finally, the usual and ordinary meaning of “conveyance” is the act of “tak(ing) from one place to another.” Id. at 287. In other words, a “motorized land conveyance” is a means of carrying or transporting something or someone that travels over land and has a motor. See American Motorist Insurance Co. v. O’Neill, No. 91-0835 (Norfolk Feb. 7, 1994) (snowmobile within definition of “motorized land conveyance”); State Automobile Mutual Insurance Co. v. Hoyle, 106 N.C.App.Ct. 199, 203, 415 S.E.2d 764, 766 (1992) (go-cart within the definition of “motorized land conveyance”).
Accordingly, a moped is a “motorized land conveyance.” It is equipped with a motor, as well as a headlight, foot pedals, a tail light, directional signals, a horn, and brakes. It travels across land, namely city streets. Finally, it can transport small items or people. In fact, the operator was carrying a passenger when the accident occurred.
Plaintiffs contention that a moped is not a “conveyance” because it is not capable of transporting large amounts of goods is unpersuasive. Nor does the reference in the exclusion to “trailers” limit in any way the types of “motorized land conveyances” excluded by the Policy.
ORDER
For the foregoing reasons, it is hereby ORDERED that judgment shall enter DENYING plaintiffs’ Motion for Summary Judgment on Count I of the complaint and ALLOWING defendant Aetna Casualty & Surety Company’s Motion for Summary Judgment on its counterclaim and on Count I of the complaint. It is further DECLARED that Plaintiffs Richard L. and Dolores Canfield are not entitled to defense and/or indemnity under Policy #21 SH 12059392 PCA with respect to the counterclaim brought by Linda S. Grady.

 The Policy contains an exception to this exclusion which provides that it does not apply to “a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicles and registration and (a) not owned by any insured; or (b) owned by any insured and on an insured location.” Plaintiffs concede that this exception is not applicable to the facts at issue here.