MUTUAL SERVICE CASUALTY
INSURANCE COMPANY,
Appellant,

v.

WILSON TOWNSHIP, Respondent,

Casey Catherine Peterson, Respondent.

No. C0–99–898.

Court of Appeals of Minnesota.

Dec. 21, 1999.

**152**

Richard J. Kruger, Jack D. Moore Associates, St. Paul, for appellant.

Steven M. Pederson, Pflughoeft, Pederson Johnsrud, Winona, for respondent Wilson Township.

Charles A. Bird, Bird Jacobsen, Rochester, for respondent Casey Catherine Peterson.

Considered and decided by SHORT, Presiding Judge, WILLIS, Judge, and ANDERSON, Judge.

## OPINION

SHORT, Judge.

Mutual Service Casualty Insurance Company (MSI) brought this declaratory judgment action to determine insurance coverage for an automobile accident caused by a drunken driver returning home from a town festival. On cross-motions for summary judgment, the trial court found the liquor liability exclusion contained in MSI's policy was unambiguous but inapplicable because the insured, Wilson Township, was not engaged in the business of selling alcoholic beverages.

## FACTS

Since 1982, Wilson Township and the volunteer Wilson Fire Department have sponsored an annual, one-day fundraising event called Wilson Daze. That town festival, which includes activities such as tractor pulls, children's games, silent auctions, raffles, and pop, beer, and food sales, raises revenues for the township's fire department. For example, the 15th annual Wilson Daze, held on June 23, 1996, had gross receipts of $6,972 for beer sales. That amount represents 26.6% of the net funds received at the town festival, and approximately 1.5% of Wilson Township's total 1996 receipts.

The Wilson Fire Department held a non-intoxicating malt liquor temporary "on sale" license from Winona County that authorized sales at retail of non-intoxicating malt liquor for consumption between noon and midnight on June 23, 1996. In addition, the Wilson Fire Department purchased a liquor liability insurance policy from the Minnesota Joint Underwriting Association (MJUA). Wilson Township held a Township Commercial Package Policy issued by MSI that contained a liquor liability exclusion. Neither Wilson Township nor its fire department owned or operated a "municipal" liquor establishment for either on-sale or off-sale alcoholic beverages.

On June 23, while at the town festival, Lance Henderson was sold, served, or furnished beer while in an obviously intoxicated condition. At approximately midnight, Henderson left the town festival and drove his vehicle into an automobile driven by Casey Catherine Peterson. Peterson and her passenger were injured in the accident. Both sued Wilson Township under the Civil Damages Act, Minn. Stat. § 340A.801 (1996). Wilson Township and the Wilson Fire Department properly tendered their defense requests to their insurers. MJUA accepted, but MSI rejected defense of the claims. Wilson Township eventually settled both claims. MJUA participated, but MSI declined to participate in Peterson's settlement.

## ISSUES

I. Is the liquor liability exclusion contained in the MSI policy ambiguous?

II. Is a nonprofit township in the business of selling, serving, or furnishing alcoholic beverages when it sells

beer at an annual, one-day fundraising event?

## ANALYSIS

■ On appeal from a grant of summary judgment, this court determines whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. Minn. R. Civ. P. 56.03 (1998); *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). We view the evidence in the light most favorable to the nonmoving party, and do not defer to the trial court's application of the law. *Offerdahl,* 426 N.W.2d at 427; *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984). The determination of whether an ambiguity exists in an insurance contract and the interpretation of an unambiguous insurance contract present issues of law. *Transport Indem. Co. v. Dahlen Transp., Inc.,* 281 Minn. 253, 259, 161 N.W.2d 546, 550 (1968).

### I.

■ An ambiguity exists when a word or phrase in an insurance contract is reasonably subject to more than one interpretation. *Minnesota Mining & Mfg. Co. v. Travelers Indem. Co.,* 457 N.W.2d 175, 179 (Minn.1990). Whether an ambiguity exists is determined from the viewpoint of a layperson, not a lawyer. *See* 2 Lee R. Russ, *Couch on Insurance* § 21.14, at 21–24 (3d rev. ed.1997) (construing ambiguity from standpoint of layperson). The relevant MSI policy language provides:

This insurance does not apply to:

* * *

c. "Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
*This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.*

MSI Ins. Policy No. MNT–C6–2238819 (emphasis added).

■ Wilson Township argues that the phrase "in the business of" is subject to more than one meaning, and thus, creates an ambiguity that should be construed against MSI. *See State Farm Ins. Cos. v. Seefeld,* 481 N.W.2d 62, 64 (Minn.1992) (holding ambiguous exclusion must be construed in insured's favor); *see also* 13 John Alan Appleman & Jean Appleman, *Insurance Law & Practice* § 7403, at 324 (1976) (construing words of exception against insurer). In deciding whether an ambiguity truly exists, however, a policy must be read as a whole. *See Henning Nelson Constr. Co. v. Fireman's Fund Am. Life Ins. Co.,* 383 N.W.2d 645, 653 (Minn.1986) (stating phrase must be construed within context of exclusion as a whole and cannot be artificially separated from other language). The language must be considered within its context, and with common sense. *Id. See* Couch, *supra* § 22.10, at 22–19 to 22–21 (construing terms in plain, ordinary, fair, usual, popular sense, rather than philosophical, literal, or technical sense). If a phrase is subject to two interpretations, one reasonable and the other unreasonable in the context of the policy, the reasonable construction will control and no ambiguity exists. *See Board of Regents v. Royal Ins. Co. of Am.,* 517 N.W.2d 888, 892 (Minn.1994) (rejecting redundant interpretation of policy language).

The phrase "in the business of," which is contained in an exclusion, is not defined in the MSI comprehensive general liability policy. But that phrase is commonly understood to refer to a commercial enterprise or activity. *See The American Heri-*

*tage Dictionary* 259 (3d ed.1992) (defining business as commercial, industrial, or professional dealings, or a commercial enterprise or establishment); *Webster's New Twentieth Century Dictionary* 245 (2d ed.1983) (defining business as commerce or trade in general, or employment, profession, means of livelihood). In addition, by placing the phrase in an exclusion, MSI has made an explicit statement that losses incurred by an insured in commercial activity are not covered. *See* Appleman, *supra* at 314 (requiring insurer to exclude specifically any risk not intended to be covered). Given the common sense meaning and the context of the phrase "in the business of," it is not reasonably subject to any meaning other than engaging in a commercial enterprise, and it is thus unambiguous.

Our conclusion that the exclusion only applies to an insured's commercial enterprise or activity is supported by the weight of foreign jurisdictions that have interpreted the identical phrase. *See McGriff v. United States Fire Ins. Co.,* 436 N.W.2d 859, 862 (S.D.1989) (holding phrase unambiguous given its common sense meaning and context); *Grain Dealers Mut. Ins. Co. v. Lower,* 979 F.2d 1411, 1415 (10th Cir. 1992) (same); *Cormier v. Travelers Ins. Co.,* 618 So.2d 1185, 1186 (La.Ct.App.1993) (same); *United States Fidelity & Guar. Co. v. Country Club of Johnston County, Inc.,* 119 N.C.App. 365, 458 S.E.2d 734, 738–39 (1995) (same); *Sprangers v. Greatway Ins. Co.,* 182 Wis.2d 521, 514 N.W.2d 1, 7 (1994) (same). *But see American Legion Post No. 49 v. Jefferson Ins. Co.,* 125 N.H. 758, 485 A.2d 293, 294 (1984) (concluding phrase is ambiguous because may be defined as any regular activity that occupies one's time or activity with direct profit objective).

## II.

■ MSI argues its liquor liability exclusion applies to the sale of beer during the June 23 town festival. To determine whether there is coverage, we look at the insured's activities and the character of its organization. *See Fraternal Order of Eagles v. General Accident Ins. Co. of Am.,* 58 Wash.App. 243, 792 P.2d 178, 182–83 (1990) (holding permanent, ongoing liquor sales fell within exclusion); *Newell–Blais Post No. 443 v. Shelby Mut. Ins. Co.,* 396 Mass. 633, 487 N.E.2d 1371, 1373 (1986) (deciding organization's nonprofit character prevented application of exclusion). The undisputed facts reveal Wilson Township is a nonprofit governmental organization selling beer at Wilson Daze for fundraising purposes. The township's sale of beer was a temporary, one-day-per-year occurrence rather than a permanent, ongoing operation. Moreover, the township did not generate substantial profits from the beer sales. Given these facts, we conclude the insured was not in the business of selling, serving, or furnishing alcoholic beverages for purposes of the liquor liability exclusion.

Our holding is consistent with cases from other jurisdictions. *See Lower,* 979 F.2d at 1415 (holding exclusion "unambiguously includes nonprofit organizations with ongoing liquor sales operations"); *Cormier,* 618 So.2d at 1186–87 (applying exclusion to American Legion operating bar open to public "over an extensive period of time"); *Newell–Blais Post No. 443,* 487 N.E.2d at 1373 (deciding nonprofit status of insured prevented application of liquor liability exclusion); *American Legion Post No. 49,* 485 A.2d at 294–95 (same); *County of Schenectady v. Travelers Ins. Co.,* 48 A.D.2d 299, 368 N.Y.S.2d 894, 897–98 (1975) (refusing to apply exclusion to student government association sponsoring party on campus because sale of alcohol was infrequent and risk under dram shop law reduced); *Country Club of Johnston County,* 458 S.E.2d at 738–39 (concluding country club selling bottled and canned beer available to members at any time was "in the business" of selling alcoholic beverages); *McGriff,* 436 N.W.2d at 862–63 (deciding nonprofit fraternal order that operated bar at "significant profit," allowed

non-members, paid state sales tax, and held liquor license was "in the business" of selling alcohol); *Fraternal Order of Eagles,* 792 P.2d at 182–83 (applying exclusion to bar operating full-time at substantial profit); *Sprangers,* 514 N.W.2d at 3–4, 10 (excluding coverage where VFW operated bar open to public three nights a week, employed eight people, including six bartenders, and occasionally realized profit).

▪ MSI insists that the temporary liquor license, the MJUA policy, and the underlying settlement under the Civil Damages Act demonstrate Wilson Township was engaged in the business of selling, serving, or furnishing alcoholic beverages. But a liquor license may be used for a single retail sale by charitable, religious, and other nonprofit organizations as well as for regular and ongoing liquor sales by hotels, restaurants, and liquor stores. Minn.Stat. § 340A.404, subds. 1, 10 (1998). Thus, the mere existence of a liquor license is not determinative. Moreover, MJUA's issuance of an insurance policy to cover the fire department under Minn. Stat. §§ 621.02, .04 (1996) is irrelevant to a coverage dispute between Wilson Township and MSI. The intent of Wilson Township and MSI, as expressed in their policy, governs interpretation of the policy. *Dairyland Ins. Co. v. Implement Dealers Ins. Co.,* 294 Minn. 236, 244–45, 199 N.W.2d 806, 811 (1972). Finally, MSI's argument under the Civil Damages Act was not raised before or considered by the trial court, and we thus will not consider the issue for the first time on appeal. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn. 1988) (limiting appellate court's review to issues presented to trial court).

## D E C I S I O N

Because the insured was a nonprofit organization that did not sell alcoholic beverages as part of a permanent and ongoing commercial venture, the trial court correctly concluded that the policy's exclusion was inapplicable and granted summary judgment for the insured.

**Affirmed.**